LASSEN v. KARRER.

1. GAMING—ELECTION BET—RECOVERY BY LOSER.

1 How. Stat. § 2023, provides that any person losing any money by playing or betting on cards, or by "any other device in the nature of such playing and betting," and paying the same to the winner, may recover in an action for money had and received. *Held*, that an action will not lie to recover money lost in betting on elections.

2. SAME—CONSTRUCTION OF STATUTE.

The statute, however, being remedial, should be liberally construed, and would be held, *it seems*, to cover betting on any game of chance.

Error to St. Clair; Vance, J. Submitted June 9, 1898. Decided July 12, 1898.

*Assumpsit* by Peter Lassen against Benjamin J. Karrer to recover money lost on an election bet. From a judgment for plaintiff, defendant brings error. Reversed.

*Atkinson & Wolcott*, for appellant.

*Phillips & Jenks*, for appellee.

MONTGOMERY, J. This action was brought to recover $500, lost to defendant by plaintiff by betting on the result of an election. At the common law, one who lost money in prohibited gaming or betting could not recover, the rule, in the absence of statute, being that the law will leave the parties *in pari delicto* where it finds them. This has been so universally held that it is not necessary to support the proposition by authority. In fact, the doctrine is not controverted in this case; but the plaintiff contends—and the circuit judge sustained the contention—that the plaintiff had a right of action by our statute (1 How. Stat. § 2023), which provides that "any person

that shall lose any sum of money, or any goods or articles of value, by playing or betting on cards, or by any other device in the nature of such playing and betting, and shall. pay or deliver the same or any part thereof to the winner, the person so paying or delivering the same may sue for and recover such money in an action for money had and received to the use of the plaintiff," etc. The. single question is, therefore, whether betting on the result of an election is within the words of this statute. The earlier statutes were broader, and covered "any betting whatever." 1 Comp. Laws 1857, § 1582; 1 Comp. Laws 1871, § 1992. The statute was amended to read as above quoted by Act No. 171, Pub. Acts 1877. Whether the more general language was omitted through inadvertence or intentionally we have no means of ascertaining; but, however this may be, the act itself must speak, and, if it be not fairly susceptible of a construction which gives a right of action, we cannot extend its terms. We do not imply that this provision of the statute should have a strained construction. On the contrary, it is remedial in its nature, and may properly be given a liberal construction. *Grace* v. *M'Elroy*, 1 Allen, 563. We would not, therefore, hesitate to hold this provision of the statute to cover betting on any game of chance; but the question remains, Is a betting on the result of an election a device in the nature of playing and betting on cards? We think not. The word "device" can hardly refer back to the word "lose." It was not intended to say that. one who devises a scheme for losing may recover, but the language "money lost in betting on a game of cards, or a device in the nature of such game," must be construed to mean some device or game, instituted either by the parties themselves or others, calculated to induce betting, and designed to do so. In other words, the most extended construction permissible would limit this language to betting on games of cards played by those who made the wager, or by others, or betting on some other game of chance or

skill. An election does not fall within the definition of a game. *Woodcock* v. *McQueen*, 11 Ind. 14.

The judgment will be reversed, and judgment entered for defendant, with costs of both courts.

The other Justices concurred.